COX v. HEIDT et al.

BECK, J. 1. It appears from the petition in this case, in which injunction is sought to restrain the sheriff from putting a purchaser of realty at a sheriff's sale in possession of the land bought at such sale, that after a term of the superior court held subsequently to the sale the sheriff had put the purchaser in possession, and that thereafter an order was obtained from the superior court under the provisions of § 6074 of the Civil Code, and that the sheriff was threatening to give possession to the purchaser referred to under this order. It was not error to dismiss this petition upon demurrer, the petitioner failing to allege facts showing title in himself or that he was in possession of the property.

2. Merely alleging in the petition that certain locks upon gates of the enclosure around the land in question, which had been placed there when the sheriff first put the purchaser in possession, had been removed "so that his [petitioner's] tenant could enter," and that it would be illegal now to dispossess petitioner, does not amount to an affirmative allegation that petitioner or his tenant is or had been in possession.

*Judgment affirmed. All the Justices concur.*
DECEMBER 12, 1912.

Equitable petition. Before Judge Sheppard. Effingham superior court. January 12, 1912.

*J. H. Smith*, for plaintiff. *Travis & Travis,* for defendants.

---

HOOD et al. v. SOUTHERN RAILWAY COMPANY.

BECK, J. 1. While certain documentary evidence tending to show the width of the defendant company's right of way remote from the place at which its agents were constructing a side-track, the act against which an injunction was sought, was irrelevant, it was not of sufficient materiality to require a reversal of the judgment of the court below.

2. There was no abuse of discretion in refusing the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*
DECEMBER 12, 1912.

Petition for injunction. Before Judge Jones. Jackson superior court. January 6, 1912.

*W. W. Stark* and *Cobb & Erwin,* for plaintiffs.
*John J. & Roy M. Strickland,* for defendant.